UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LYNDA D. BROWN, | |
| Plaintiff, | Case No. 2:11-CV-01228-KJD-PAL |
| v. | **ORDER** |
| FEDERAL HOME LOAN MORTGAGE CORP., *et al*., | |
| Defendants. | |

Presently before the Court is Defendant MTC Financial, Inc.'s Motion to Dismiss (#7). Plaintiff filed a response in opposition (#12) to which Defendant MTC Financial, Inc. ("MTC") replied (#13).

I.  Background

On or about November 17, 2006, Plaintiff purchased real property known as 4428 Crystal Peak Drive, Las Vegas, Nevada 89115.  Defendant Taylor, Bean & Whitaker Mortgage Corp. ("Taylor"), acted as Lender under the Deed of Trust which secured the Note executed in conjunction with the Deed of Trust.

On or about November 1, 2008, Plaintiff ceased making payments on the Note.  Plaintiff alleges that in 2008 she was offered a loan modification.  Plaintiff also alleges that Taylor and MTC

stated in writing that no foreclosure proceedings would be taken without written notice to Plaintiff. On April 13, 2009, Notice of Default and Intention to Sell was recorded by MTC, as agent for Mortgage Electronic Registrations Systems, Inc. who was acting as Nominee for Taylor. On June 19, 2009, Substitution of Trustee, substituting MTC as Trustee was recorded. On July 16, 2009, Notice of Trustee's Sale was recorded by MTC. In September 2009, Plaintiff alleges that Ocwen Loan Servicing, LLC notified Plaintiff that it would begin handling servicing and modification of the loan. Plaintiff also alleges that she contacted Ocwen and notified it that she was still seeking modification and requested written notice of any foreclosure action. On November 20, 2009, Defendant Federal Home Loan Mortgage Corp. ("Freddie Mac") purchased the Property at public auction. The Trustee's Deed was recorded on December 28, 2009. Plaintiff asserts that she first learned of the foreclosure sale when she was contacted by an attorney representing Freddie Mac in December 2009 and was informed that foreclosure had occurred.

Plaintiff then filed the present complaint on May 25, 2011 asserting a claim for "Unlawful Foreclosure Sale" seeking damages for the loss of the Property and equity in the Property, and seeking to set aside the foreclosure sale.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1   The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the
2   allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations
3   which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the
4   Court considers the factual allegations "to determine if they plausibly suggest an entitlement to
5   relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion
6   to dismiss. Id. at 1950.
7   III.  Analysis
8   Defendant MTC has now moved to dismiss Plaintiff's claims against MTC asserting that
9   Plaintiff's claims are foreclosed by the statute of limitations, that Defendant MTC owed no duties to
10  Plaintiff and that Plaintiff has not adequately pled any fraud claims against it.
11  A.  Statute of Limitations
12  Nevada Revised Statute 107.080 (5)(b), (c) and 107.080(6) require any action to set aside a
13  foreclosure sale for failure to abide by the statutory requirements to filed within either ninety (90) or
14  one hundred and twenty (120) days, depending on which part of the statute was allegedly not
15  complied with.  In this case, Plaintiff knew no later than December 31, 2009 that her home had been
16  sold at a foreclosure sale.  However, Plaintiff waited until May 25, 2011 to file the present complaint
17  seeking to set aside the foreclosure sale.  Since Plaintiff did not timely file the action to set aside the
18  foreclosure, Plaintiff's claim to set aside the foreclosure sale are dismissed.
19  B.  Other Duties
20  MTC asserts that all other claims must also be dismissed, because a trustee owes no duties
21  other than those required by statute. While the Court agrees that MTC does not owe special duties to
22  Plaintiff, Plaintiff has adequately alleged that MTC breached a written agreement not to proceed with
23  foreclosure pending written notice to Plaintiff.[1]  Therefore, Plaintiff may proceed with this claim.

---

[1] The Court recognizes the weaknesses already evident in Plaintiff's case.  First, the claim depends on a writing which has not yet been produced, but presumably will be.  Furthermore, it appears that this agreement would be fulfilled by sending Plaintiff a Notice of Breach and Intent to Sale, or a Notice of Trustee's Sale, both of which are required to be sent by state statute.  Finally, Defendant is not required to prove that the Notices required by statute are received by

3

C.  Fraud

Plaintiff's claim that the foreclosure sale and purchase of the property by FNMA were done fraudulently has not been adequately pled.  Fraud has a higher pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Since Plaintiff has failed to state allegations specific enough to meet this heightened pleading standard, the Court must grant the motion to dismiss this claim.  However, the Court grants Plaintifs leave to amend her Complaint to state a claim for fraud with the specificity required by Rule 9(b).

D.  Damages

Plaintiff's remaining claim, for breach of the written agreement not to proceed with foreclosure pending written notice to Plaintiff, requires that Plaintiff demonstrate damages.  While Plaintiff asserts that she lost "equity" in her property, the Court can take judicial notice of the fact that most residential property in Clark County, Nevada had experienced an unprecedented decline in value by the end of 2009. Plaintiff's original note, executed on or about November 17, 2006, was for $142,400.00.  By the date of the trustee's sale on November 20, 2009, the amount of unpaid debt and costs totaled $153,272.48.  The highest bid, presumably a credit bid, at the public auction was $120,591.98.  The documentary record does not disclose the appraised or market value of the property on either November 17, 2006 or November 20, 2009.  Since it appears unlikely that Plaintiff lost any equity in the property due to the decline of property values, Plaintiff is ordered to produce to the Court preliminary evidence of valuation so that the Court may determine whether a valuation hearing is necessary to determine whether Plaintiff, in fact, suffered damage.  Plaintiff shall file the preliminary response to the Court's *sua sponte* order within twenty-one (21) days of the entry of this

---

Plaintiff, but merely that they were sent.

4

order.  Defendant shall file any response within fourteen (14) days.  Failure to file any response to the Court's order will result in Plaintiff's complaint being dismissed with prejudice.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant MTC Financial, Inc.'s Motion to Dismiss (#7) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Plaintiff's claim to set aside the foreclosure sale is **DISMISSED**;

IT IS FURTHER ORDERED that Plaintiff's claim for fraud is **DISMISSED with leave to amend**;

IT IS FURTHER ORDERED that Plaintiff file a response to the Court's order demonstrating preliminary evidence of valuation within twenty-one (21) days of the entry of this order.

DATED this 23rd day of November 2011.

_____
Kent J. Dawson
United States District Judge